IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYRON L. HARDAWAY, On behalf of D.A., Plaintiff, | § § § § | |
| v. | § § | 3:12-CV-3295-L-BK |
| DALLAS INDEPENDENT SCHOOL DISTRICT, et al., Defendants. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and Special Order 3, this case was referred to the undersigned United States Magistrate Judge. For the reasons that follow, it is recommended that this action be dismissed without prejudice for want of prosecution.

**I. BACKGROUND**

Plaintiff filed a *pro se* complaint against Defendants Dallas Independent School District, Superintendent Mike Miles, Division II Superintendent Israel Cordero, Assistant Principal Washington, Leslie Williams, and Lester Singleton. On August 24, 2012, the Court issued a deficiency order (requesting a new motion to proceed *in forma pauperis* and information about the claims, if any, on behalf of Plaintiff's son D.A). The deadline for Plaintiff's response was September 25, 2012. As of the date of this recommendation, Plaintiff has not responded to the Court's deficiency order, nor has he sought an extension of time to do so.

**II. ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.

*Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has had ample opportunity to respond to the Court's deficiency order. He has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of prosecution and that Plaintiff's motion to proceed *in forma pauperis* (Doc. 4) be **DENIED** as moot.

SIGNED October 4, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE