IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TYRON L. HARDAWAY,** on behalf of **D.A.**, | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. **3:12-CV-3295-L (BK)** |
| | § | |
| **DALLAS INDEPENDENT SCHOOL, DISTRICT,** *et al.*, | § § § | |
| Defendant. | § § | |

## ORDER

Before the court is the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4), filed on August 23, 2012, by Plaintiff Tyron L. Hardaway ("Hardaway"), who is proceeding *pro se* . The case was referred to Magistrate Renee Harris Toliver, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on October 4, 2012, recommending that this action be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

Instead of filing objections to the Report, Hardaway filed a Motion for Reconsideration on October 31, 2012. The court determines that the magistrate judge's findings and conclusions are factually and legally correct; however, after reviewing the Motion for Reconsideration, the court will give Hardaway one more opportunity to comply with the magistrate judge's August 28, 2012 order by submitting the information previously requested by the magistrate judge.

Hardaway brought this action on August 23, 2012, against the Dallas Independent School District, Superintendent Mike Miles, Division II Superintendent Israel Cordero, Assistant Principal

**Order – Page 1**

Washington, Leslie Williams, and Lester Singleton for negligence in failing to protect his son Derrick Augusta ("D.A.") from assault and bodily injury. Hardaway seeks $1 million in damages.

On August 28, 2012, the magistrate judge issued a Notice of Deficiency and Order, explaining that Hardaway, as a *pro se* litigant, could not represent another party or sign pleadings on behalf of another. To the extent Plaintiff D.A. is a minor, the magistrate judge further instructed that a licensed attorney would need to be hired to represent the minor. Other deficiencies regarding Hardaway's request to proceed *in forma pauperis* were also noted in the order, and Hardaway was directed to provide the court with information regarding D.A. and Hardaway's financial status by September 25, 2012. Hardaway was also warned that failure to comply with the magistrate judge's order could result in dismissal of the case for want of prosecution. As noted in the magistrate judge's findings and conclusions, Hardaway failed to comply with the August 28, 2012 order and did not seek an extension of the September 25, 2012 deadline. The magistrate judge therefore recommended that the case be dismissed without prejudice for want of prosecution.

On October 15, 2012, Hardaway filed a Motion for Reconsideration ("Motion"), which the court construes as objections to the Report. Hardaway asserts that he was unable to comply with the magistrate judge's order because he had rotator cuff surgery on September 19, 2012, was subsequently involved in an automobile accident on September 26, 2012, and is currently being treated for his injuries that may require additional surgery. Hardaway does not seek an extension to provide the information needed regarding D.A. and his financial status. Hardaway instead requests that the court schedule an emergency hearing to determine whether he is indigent and to require all parties to attend "so that the facts & testimony may be presented so that this case may proceed to trial." Mot. 2.

**Order – Page 2**

Hardaway was given 28 days to comply with the magistrate judge's order. He fails, however, to explain why he could not provide the requested information or seek an extension in the 21 days between August 24, 2012, and September 18, 2012, before the September 25, 2012 deadline and his September 19, 2012 surgery. He nevertheless requests the court to schedule an emergency hearing on his request to proceed *in forma pauperis* and to require all six named defendants in this case to attend the hearing, but he provides no explanation as to why an emergency hearing or the defendants' presence at the hearing is necessary. The court questions Hardaway's reasons for failing to provide timely the information requested by the magistrate judge and determines that there is no justification for an emergency hearing at this time. The court will nevertheless give Hardaway one more opportunity to provide the information previously requested by the magistrate judge as set forth in her August 28, 2012 order.

Accordingly, having reviewed the pleadings, file, and record in this case, Hardaway's reasons for failing to comply with the magistrate judge's August 28, 2012 order, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The court, however, determines that Hardaway should be given another opportunity to comply with the magistrate judge's prior request for information. The court therefore **sustains** his objections, **grants** his Motion for Reconsideration, and **directs** him to comply with the magistrate judge's August 28, 2012 order by submitting by **November 30, 2012,** the information previously requested by the magistrate judge. **If Hardaway fails to do so, this case will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or comply with a court order. The court will not grant any further extensions of time to allow**

**Order – Page 3**

**Hardaway to comply with the magistrate judge's order.**  The court **denies without prejudice** Hardaway's request for a hearing.

    **It is so ordered** this 1st day of November, 2012.

                                                   */s/ Sam A. Lindsay*
                                                   Sam A. Lindsay
                                                   United States District Judge