IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYRON L. HARDAWAY, | § | |
| On behalf of D.A., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:12-CV-3295-L-BK |
| | § | |
| DALLAS INDEPENDENT SCHOOL | § | |
| DISTRICT, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, individually and on behalf of his minor son, filed a *pro se* complaint against Defendants Dallas Independent School District (DISD), Superintendent Mike Miles, Division II Superintendent Israel Cordero, Assistant Principal Washington, Leslie Williams, and Lester Singleton.  The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening.  For the reasons that follow, it is recommended that this action be summarily dismissed.

**I. BACKGROUND**

The complaint, as supplemented by the answers to the questionnaire, alleges Defendants were negligent in failing to protect Plaintiff's son ("D.A.") from assaults and bodily injury by gangs at W.W. Samuell High School in May 2012.  (Doc. 3 at 1-2; Doc. 17, ans. 1). Specifically, Plaintiff states that Defendants were negligent in failing to investigate, hold meetings, communicate with parents, and prevent two assaults on his son.  (Doc. 3 at 2-3; Doc. 17 ans, 6-11).  As a result of Defendants' conduct, Plaintiff alleges (1) that he and his son suffered "physical [and] mental harm," (2) his "life was put in jeopardy" because he had to walk

his son out of school every day for two weeks with school gang members pointing guns at him, and (3) his son was assaulted a second time. (Doc. 17, ans. 1, 3). Plaintiff seeks monetary relief. (Doc. 3 at 1-3; Doc. 17, ans. 2).

Plaintiff's Pleadings

In light of Plaintiff's *pro se* status, the Court has expended a lot of effort in attempting to decipher the complaint and answers to the questionnaires.

Plaintiff's complaint reads in relevant part:

> All parties listed were negl[ig]ent failing to protect my son . . . D.A. from assault & bodly [sic] injury. $1,000,000.00.
>
> All parties were neglegent [sic] in providing action's [sic] needed to prevent the assault from occurring at W W Sammell [sic] on are [sic] around May 9, 2012. [$] 1,000,000.00.
>
> The listed parties were negligent [sic] for not tyring [sic] to make sure the petitioner's request for a meeting happened. $500,000.00
> As a result of the listed party negligence and neglegent [sic] practice's [sic] . . . [D.A.] and Tyron L. Hardaway have suffered in reparable [sic] damage's [sic]. $500,000.00
>
> The listed parties failure to properly investigate this issue before this court clearly show's this is a common practice that will only result in the killing of someone's innocent child or children. Exhibit B.
>
> The listed parties above negligent [sic] and negligeant [sic] practice's [sic] failing to communicate with the student's [sic] and parent's [sic] directly allowed for the assault to happen to . . . [D.A.]. [$] 500,000.00.

(Doc. 3 at 1-2).[1]

In answer to the questionnaire, Plaintiff repeatedly avers that Defendants were negligent in protecting his son and in investigating the gang problem at his school. (Doc. 17, ans. 1, 6-11).

---

[1] Attached to the complaint is a *Motion for a Fast & Speedy Trial* and for appointment of counsel under the "6th & 14th Amend[ment] safe guarded by the U.S. Constitution." (Doc. 3 at 3-4).

In response to the Court's inquiry about the statute or case law basis under which he was suing, Plaintiff claims:

> Neglegance [sic], negligent [sic], deliberate indifference, bodily injury, pain & suffering.
>
> I am not an attorney I am dyslexic I am diagnosed with depression post tramatic stress disorder by disability Dr. Johnson
> . . .
> I am sure their [sic] are statue's [sic] that were violated & broken & constitutional rule's of law were violated the 6th Amendment to cross examine the witness to prove my defense of theory.
>
> The 14th Amendment by the listed parties not responding to Question's the 6th Amendment to cross examine, the 14th Amendment violated . . . It [is] hard to get 14 Amendment to Due Process access to a Fair Hearing. 14th Amendment to Equal Protection safe guarded by the U.S. Constitution.

(Doc. 17, ans. 1). Plaintiff states "[t]hese negligent & negleance [sic] act's [sic] coupled with delebrate [sic] endifference [sic] act's lead to thease action's [sic] before this Court. *Id.*, ans. 4.

When asked about the underlying facts supporting his claim, the defendants responsible, and the date the defendants acted, Plaintiff avers:

> A[ll] listed parties new [sic] about the gang a[t] W.W. Sammuel [sic] & had problem's [sic] with them and neglected to notfy [sic] the District, the parent's & gang unit's within the District & the Dallas Police Dept. As a result of the listed parties neglagance [sic] & the negleagent [sic] action's [sic] cause[d] physical mental harm to me and my son. [O]ur lives were put into jeopardy [sic] due to the listed party negligence and negligent thought process.
> . . .
> All listed parties are responsible's [sic] will be discussed in greater detail within this complaint and suit: negligent negligence.
>
> All listed didn't intervene & notify the parent's [sic] are [sic] assist due to negligence & negligent behavior or thought process They lisd [sic] the new[s] about gang after the first fight A couple days past . . . then another gang member goe's [sic] into my son's class and assault's my son due to the listed party negligent [sic]: negligence this occurred again.

(Doc. 17, ans. 1).

When asked to identify each defendant and the acts for which he/she was responsible, Plaintiff again states:

> All parties were neglegement [sic] & displayed negligence. All parties listed were negligent[.] In dealing with the gang problem in the school, . . . negleganes [sic] came to play after they were notified. After the first fight happene[d] & they were notified all . . . did nothing to address or protect me, my son, or other studend's [sic][.] As a result[,] the second assault happened on campus to my son again and again[.] After all parties were the[y] still did nothing [to] avoid it. All parties listed throu direct cross-examination will reveal they new [sic] about this gang for over a year & did nothing to correct or address the issue which will sho [sic] all parties listed where [sic] negligent and showed neglagence.

(Doc. 17, Ans. 3).

Next, the Court requested Plaintiff to identify the acts or omissions committed by each named Defendant and the basis for his claims. Regarding DISD, Plaintiff avers:

> The Dallas ISD knew it had a gang problem at W.W. Sammuell [sic] High School. Through policy rules staff failed to report implament [sic] notify parent's [sic] student's [sic] & local authority about this safety concern which is a life threatening issues [sic] which lead [sic] up to thease [sic] act of violence due to negligence [sic] & negligent coupled with delibriate [sic] indifferance [sic] demaner [sic] lead [sic] up to these act's [sic] manifesting failed policy with over site lead [sic] to these negligent act & negligence [sic] led to physical body harm, mental harm, with life threat's [sic].

(Doc. 17, ans. 6).

With respect to Superintendent Mike Miles, Plaintiff states:

> Mr. Miles had several attempt's [sic] to be contacted by phone, in person, messages were left[.] He simply refused to call or respond back to these alligation's [sic] instead he Mr. Israel Codero [sic] was promoted. It'[s] a fact that these complaints were made directly to Mr. Mike Miles in which he choose [sic] to neglect to address or ignore. Channel 4 News phone calls to the District were ignored so we no [sic] for a fact Mr. Miles was notified and which will come out through witnesses that will be called for trial.
> . . .
> Mr. Miles was negligent for not implementing policy & ruels [sic] & negligence for failing to protect student's [sic] from getting into bodily harm & refusing to address the gang after being made aware of the gang issue. After being made aware of the second assault[,] Mr. Miles refusal to investigate or impliment [sic]

4

> action to protect or prevent holds Mr. Miles accountable for his nelgent [sic] & neglagance [sic].  Mr. Miles is accountable based on this citizen's tax dollars.

(Doc. 17, ans. 7).

As to Mr. Cordero, who was the principal at Samuell High School during the May 2012 events at issue, Plaintiff asserts in relevant part:

> He knew about the gang called swag team & had first hand knowledge[e] about the bodily injury and witnessed it after the first assault.  Mr. Co[r]dero didn't beef up security after the incident.  It's unclear if he notified the District.  Bottom line he was neglgent [sic][.]  Due to witness testimony will clearly show he knew about this gang.  As a result of his negligence the second assault happened in W.W. Samuel campus with him and Mr. Washington both in the building under his watch[.]  His leadership further fueled negligence by him [and] his staff which also falls on DISD due to him stating based on reviewing policy he [was] acting within the rules & by laws of District Policy.  Mr. Co[r]dero's [sic] has stated he's [sic] acted within the rules of DISD so there's negligent [sic] rule's that are being implemented.  Due to his negligence & negligent action's [sic] I had to walk my son for more than 2 weeks with gang and former gang member's showing pistols & pointing at me & my son's [sic] and my other family member's former gang member[s] [sic] came out to let me no [sic] that "<u>DISD don't care & the swag team is hear [sic] to stay potner [sic][.]</u>"  These type[s] of negligent & negligence [sic] action's [sic] are going to get someone's child or some one [sic] period if this court doesn't take immediate action, grant this complaint, and set it for trial would help save innocent lives.

(Doc. 17, ans. 8) (emphasis in original).

Regarding Assistant Principal Washington, Plaintiff contends in relevant part:

> Mr. Washington was directly envolved [sic] with the investigation of the assault after it was commenced.  Mr. Washington wittnessed [sic] the bruises & saw the victim.  Mr. Washington knew about the gang before the assault.  Mr. Washington[,] after the first assault[,] was asked by me . . . if he was going to get a letter put to parent's [sic] that he was.  He didn't.  Mr. Washington was present when the second assault took place at W.W. Sammull [sic] in Dallas.  Mr. Washington will also be question'ed [sic] by me on Channel 4 News, which this Court has a supena [sic] to review this video held by Channel 4.  Mr. Washington knew about the gang problem[.]  His neglagence [sic] & negligent action's [sic] have contributed to this assault . . . .

(Doc. 17, ans. 9).

Plaintiff alleges the following with respect to Defendant Williams:

5

> Mr. Leslie Williams was made aware of these actions on or around May 2012. Mr. Williams called & spoke to by phone about all alligations [sic] listed throughout this complaint all names & all issues were clearly explained & Mr. Williams stated that Mr. Co[r]dero & Mr. Williams would put a meeting together. . . . Anyone from DISD would be notified by Mr. Co[r]dero if there's [sic] was any problem's [sic] let him no [sic][.] He was to be notified! I did call him he stated he would handle it. I would receive a call from Mr. Co[r]dero. It didn't happen. My son was assaulted a second time and Mr. Williams refused to return my calls or facilitate my request to speak to the Sup Mr. Miles. Mr. Williams neglect & negligence to contact Mr. Miles further fuel these issues that were not addressed. Mr. Williams action's [sic] of negligence & neglegent [sic] contributed to this situation. . . .

(Doc. 17, ans. 10).

Lastly, as to Defendant Singleton, Plaintiff states in part:

> Mr. Singleton was called respectdly [sic] about all allegation's [sic] regarding all issue's [sic] discussed. . . . He was made aware of everything listed in [t]his complaint[.] Mr. Williams failure to act & action's [sic] were negligent & his neglegence [sic] came in cause[d] by him not notfiing [sic] the proper individuales [sic] to reso[l]ve this matter's [sic] listed in this complaint. . . .

(Doc. 17, ans. 11).

In a last attempt to clarify whether Plaintiff intended to bring an action under a federal statute or constitutional provision, the Court issued a supplemental questionnaire requiring him to specify the provision(s) he sought to rely on. (Doc. 20). In his supplemental answers, however, Plaintiff reiterates the allegations in his earlier filings. (Doc. 23 & 24 at 3-5). While he mentions again the Sixth and Fourteenth Amendments, he does so only in regards to his request for a hearing, which he claims "would allow [him] the ability to see what statute's [sic] . . . [were] violated" and answer the Court's questions about this case. *Id.*[2]

---

[2] Plaintiff filed two identical copies of the supplemental answers to the questionnaire and the attached motion for hearing. (Doc. 23 & 24). Neither copy, however, is signed as required by Federal Rule of Civil Procedure 11(a). *Id.* Nevertheless, for the sake of completeness and in light of his *pro se* status, the Court will consider them below in screening this case.

Throughout his pleadings, Plaintiff notes that he is dyslexic and suffers from various conditions, including depression, posttraumatic stress disorder, and an unspecified disability. (Doc. 3 at 4; Doc. 17, ans. 1; Doc. 23 at 3). He also references a video taken by Channel 4 News of events relevant to the claims at issue in this case. (Doc. 3 at 4, 8; Doc. 17 at 15). Plaintiff requests permission to present the video before the Court issues a decision in the case. (Doc. 3 at 4, 8.)

## II. ANALYSIS

### A. Plaintiff's Claims

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008). The Court must always liberally construe pleadings filed by *pro se* litigants. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

This case does not present a federal cause of action. As best the Court can decipher, Plaintiff alleges only a state law cause of action for negligence. *See Greater Houston Transp.*

7

*Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990) (summarizing common law doctrine of negligence). Specifically, his complaint asserts Defendants were negligent in failing to investigate, hold meetings, communicate with parents, and prevent two gang related assaults on Plaintiff's son. (Doc. 3 at 1-2). In answer to the questionnaire, Plaintiff reiterates Defendants' negligence in failing to protect his son from gang assaults, investigate the school gangs, and meet and communicate with him regarding the gang problem. (Doc. 17, ans. 1, 3, 6-11).

While Plaintiff mentions, somewhat in passing, deliberate indifference, unspecified "statute's [sic] that were violated and broken," and "Constittional [sic] and federal Provision[s] Granting Authority to Preside of [sic] this Case" (Doc. 17, ans. 1, 4, 6), he fails to state a cognizable federal claim, at least not with any modicum of clarity. *See Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003) ("[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution . . . ."). Plaintiff's vague reference to the Sixth and Fourteenth Amendments, in conjunction with his request for a hearing (Doc. 17, ans. 1; Doc. 23 & 24 at 3), does not raise a claim of federal statutory or constitutional violations.

Moreover, since Plaintiff and the named Defendants are all citizens of Texas, his pleadings present no basis for the Court's exercise of diversity jurisdiction. The diversity statute requires "complete diversity" of citizenship. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (*citing Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants). Therefore, this action should be dismissed without prejudice for lack of subject matter jurisdiction.

**B.      Minor Son's Claims and Motion to Appoint Counsel**

The Court previously advised Plaintiff that, as a *pro se* litigant, he cannot represent his minor son in this action and must retain a licensed attorney to prosecute his son's claims. *See* Doc. 6, Deficiency Order, at 1; *see also Wade v. Carrollton-Farmers Branch Indep. Sch. Dist.*, No. 3:09-CV-0346-O, 2009 WL 2058446, *2 (N.D. Tex. 2009) (right to proceed pro se in federal court does not give non-lawyer parent right to represent minor child in legal proceedings). Relying on his limited income and abilities, Plaintiff now requests the Court to appoint counsel to represent his minor son. (Doc. 12 at 1). However, because Plaintiff's claims lack an arguable basis in law, the Court declines to appoint counsel for Plaintiff's minor son and recommends that all claims on his behalf be dismissed without prejudice. *See Castro Romero v. Becken*, 256 F.3d 349, 353-354 (5th Cir. 2001) (*in forma pauperis* plaintiff not entitled to court-appointed counsel as a matter of law).[3]

---

[3] The statute of limitations does not bar the minor son's claims. TEX. CIV. PRAC. & REM. CODE ANN. § 16.001 (West 2012) tolls the statute of limitations if the plaintiff is under 18 years of age. Consequently, in the event that Plaintiff's minor son has colorable claims, the statute of limitations will not begin to run until he reaches his 18th birthday. *See Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 984 (5th Cir. 1992) (claim was tolled until plaintiff reached 18th birthday).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's claims be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

It is further recommended, that the claims brought on behalf of Plaintiff's minor son also be **DISMISSED** without prejudice and that the request to appoint counsel on behalf of his minor son be **DENIED**.

SIGNED March 8, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE